Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY ARNESON a/k/a SAM ARNESON,<br><br>Plaintiff,<br><br>v.<br><br>HUNT & HENRIQUES,<br><br>Defendant. | Case No. 8:21-cv-00203<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes TAMMY ARNESON a/k/a SAM ARNESON ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of HUNT & HENRIQUES ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Central District of California, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Orange, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. As reflected on its website, Defendant is a California law partnership that claims to "specialize in the recovery of delinquent consumer obligations."[1] Defendant is a partnership organized under the laws of the state of California, with its principal place of business is located at 151 Bernal Rd #8, San Jose, California 95119.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] https://www.hunthenriques.com/

2

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject consumer debt") allegedly owed by Plaintiff.

10. The subject consumer debt stems from a personal credit card that Plaintiff obtained from Capital One Bank, N.A. ("Capital One").

11. Upon information and belief, after Plaintiff's purported default on the subject consumer debt, the subject consumer debt was charged off by Capital One and eventually sold to Portfolio Recovery Associates, LLC ("PRA").

12. Thereafter, PRA placed the subject consumer debt with Defendant for collection purposes.

13. On or about July 19, 2020, Defendant mailed or caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject consumer debt.

14. Defendant's July 19th collection letter included the following line: "Our Client: Portfolio Recovery Associates, LLC / CAPITAL ONE BANK (USA) N.A."

15. The line referenced in paragraph 13 is patently false because Capital One is not H&H's client and Capital One no longer owns the subject consumer debt.

16. Defendant's July 19th collection letter misrepresented the status of the subject consumer debt because it falsely suggested that the subject consumer debt was still owned by Capital One.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion and aggravation.

18. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her federally protected interests as a result of Defendant's conduct.

19. In an effort to address the confusion created by Defendant, Plaintiff lost time and resources going about addressing Defendant's conduct.

20. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped her reaction and course of conduct in response to Defendant's collection efforts.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

4

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §§1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Specifically, it was deceptive for Defendant to falsely represent that Capital One was its client. Upon information and belief, PRA is the actual owner of the subject consumer debt and Defendant's client. Consequently, Defendant employed deceptive means to collect upon the subject consumer debt by misrepresenting the legal status of the subject

consumer debt. Defendant's actions only served to worry and confuse Plaintiff and were done in a deceptive and misleading attempt to compel Plaintiff to address the subject consumer debt with Defendant.

### b. Violations of the FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated § 1692f when it unfairly attempted to collect upon the subject consumer debt. Any reasonable fact finder will conclude that Defendant's inclusion of false information and misrepresentation of the subject consumer debt is in violation of 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff, TAMMY ARNESON a/k/a SAM ARNESON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 29, 2021

Respectfully submitted,

<u>/s/ Alejandro E. Figueroa</u>
Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*